## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| MIGUEL RIVERA-CALCANO, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. GJH-21-1206 |
| H. ALLEN BEARD, JR., | * | |
| Respondent | * | |
| | *** | |

## **MEMORANDUM**

Petitioner Miguel Rivera-Calcano, a federal inmate currently confined at the Federal Correctional Institution in Cumberland ("FCI-Cumberland"), Maryland, filed this habeas action pursuant to 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") has failed to properly calculate his sentence. ECF No. 1.

Respondent, H. Allen Beard, Jr., the Warden of FCI-Cumberland, through counsel, filed a response arguing that Rivera-Calcano's sentence has been properly calculated. ECF No. 10. Rivera-Calcano has not responded. A hearing is not needed to resolve the case. *See* Loc. Rule 105.6 (D. Md. 2021). For reasons stated herein, the petition shall be DENIED and DISMISSED.

Rivera-Calcano alleges that he has been denied credit toward his federal sentence for the period of May 11, 2016, to January 2, 2017. ECF No. 1 at 6. Rivera-Calcano claims that he was in custody during that time and "the Judge state[d], 'The defendant shall be given credit toward his sentence for any days spent in federal custody in connection with the offenses for which sentence has been imposed." *Id*.

The material facts of the case are not in dispute. On April 16, 2009, Rivera-Calcano was convicted in the Commonwealth of Puerto Rico of breaking and entering for robbery, aggravated

breaking and entering, and violation of probation.  He was sentenced that same day to a total term of imprisonment of 114 months, (the "Commonwealth sentence"), and committed to the custody of Puerto Rico's Department of Corrections and Rehabilitation ("PRDOCR"). ECF No. 10-1 at ¶ 5.

On May 9, 2016, while still serving his Commonwealth sentence, a federal grand jury returned a four-count indictment, charging Rivera-Calcano with racketeering, racketeering conspiracy, and substantive acts of racketeering, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, as well as other related crimes *See U.S. v. Millan-Machuca et al.*, No. 3:16-cr-00282-TSH (D. PR.), ECF No. 3; ECF No. 10-1 at ¶ 7.

On May 11, 2016, pursuant to a federal writ of habeas corpus *ad prosequendum* (the "federal writ"), the United States Marshals Service ("USMS") took Rivera-Calcano into temporary federal custody for his initial appearance and other proceedings before the United States District Court for the District of Puerto Rico.  ECF No. 10-1 at ¶¶ 6, 7; ECF No. 10-2.

Rivera-Calcano's Commonwealth sentence ended on January 2, 2017, however, he remained in federal custody, pursuant to a federal detainer, pending the resolution of his criminal case in the District Court of Puerto Rico. ECF No. 10-1 at ¶¶ 7,8; ECF No. 10-3 at 3.

On July 11, 2018, a jury convicted Rivera-Calcano of both violating RICO (18 U.S.C. § §1962(d), 1963), and conspiracy to possess with intent to distribute a controlled substance (21 U.S.C. §§ 846, and 841(b)(1)(A)). *See U.S. v. Millan-Machuca et al.*, ECF No. 1897; ECF No. 10-4.  On November 15, 2018, Rivera-Calcano was sentenced by the District Court of Puerto Rico to 156 months imprisonment, followed by five years' supervised release (the "federal sentence"). *See U.S. v. Millan-Machuca et al*, ECF No. 2115; *see also* ECF No. 10-1 at ¶ 7; ECF No. 10-4.

After his convictions in the District Court of Puerto Rico, BOP prepared his sentence computation beginning the 156 months imprisonment on November 15, 2018, the date he was sentenced in federal court. ECF No. 10-1 at ¶ 9. BOP applied 681 days of jail credit to Rivera-Calcano's federal sentence. *Id*. BOP determined Rivera-Calcano was legally entitled to that amount of jail credit by counting the time between the day after his Commonwealth sentence ended (January 3, 2017) through the day before the federal sentence was imposed (November 14, 2018). *Id*.

On November 30, 2018, Rivera-Calcano was returned to the custody of PRDOCR. ECF No. 10-1 at ¶ 7. He remained in PRDOCR's custody until March 6, 2019, when he was transferred to USMS, pursuant to the federal detainer. He was later assigned to FCI-Cumberland, where he remains incarcerated serving his federal sentence. *Id*. at ¶¶ 7-8, 10.

## <u>Analysis</u>

It is the responsibility of the United States Attorney General, the Department of Justice and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. *See* 18 U.S.C. § 3624; *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norma*n, 767 F.2d 455, 457 (8th Cir.1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir.1979).

Rivera-Calcano is not entitled to relief. After a federal district court sentences a federal offender, the Attorney General, through the BOP, is responsible for administering the offender's sentence. 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also United States v. Stroud*, 584 Fed. Appx. 159, 160 (4th Cir. 2014) (holding Attorney General, through BOP, responsible for computing sentencing credit for time in detention prior to sentencing). Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant

3

is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." If there is no clear intent by the sentencing judge to make a term of confinement concurrent with another sentence, the sentence is consecutive. *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Under 18 U.S.C. § 3585(b) a defendant is not entitled to credit toward the service of a term of imprisonment if the period in question has been credited against another sentence. *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (intent of 18 U.S.C. § 3585(b) is to prevent double credit incurred before commencement of sentence).

A federal sentence does not begin until the Attorney General receives the defendant into custody for service of that sentence. 18 U.S.C. § 3585(a). Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed **that has not been credited against another sentence**.

(emphasis added). The statute clearly establishes that a defendant is not entitled to "double credit" his detention time by receiving credit toward both the state sentence and federal sentence before the federal sentence is imposed. *Wilson,* 503 U.S. at 337. Indeed, a federal sentence cannot begin prior to the imposition of the federal sentence. 18 U.S.C. § 3585(a).

This Court must also consider which sovereign – state or federal – has primary jurisdiction over the defendant. When a defendant has both state and federal charges, the sovereign that first arrests the defendant is the sovereign that obtains primary jurisdiction over him or her, and that

sovereign retains primary jurisdiction until it is relinquished.  *Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005).  Primary jurisdiction may be relinquished by expiration of the defendant's sentence. *See, e.g., Cole*, 416 F.3d at 897.

Once a sovereign relinquishes primary jurisdiction over an individual, another sovereign may assume primary jurisdiction over that person. *Id*.  Primary jurisdiction is not relinquished merely because a defendant is borrowed from the custody of the state via a writ of habeas corpus *ad prosequendum* for purposes of conducting criminal proceedings.  *Id*.; *Taylor v. Reno*, 164 F.3d 440, 445 (9th Cir. 1998).  Following the completion of its criminal proceedings, the receiving jurisdiction returns the defendant to the jurisdiction from which he was borrowed pursuant to the writ; the jurisdiction that "loans" a defendant to another sovereign for prosecution does not relinquish primary jurisdiction over that inmate.  *Cole*, 416 F.3d at 896–97; 18 U.S.C. § 3585(a).

Rivera-Calcano was first serving a Commonwealth of Puerto Rico sentence when he was sentenced on April 16, 2009. As such, the Commonwealth of Puerto Rico established primary jurisdiction over him, at the latest on his date of sentencing. While serving his Commonwealth sentence, he was taken into temporary custody by federal authorities on May 11, 2016, for the purpose of federal criminal proceedings.  Primary jurisdiction during his time was not relinquished from the Commonwealth; rather, federal authorities merely "borrowed" Rivera-Calcano to complete the prosecution of his pending federal case. Rivera-Calcano continued to receive credit for serving his Commonwealth sentence during this time, until the expiration of his Commonwealth sentence on January 2, 2017. In accordance with 18 U.S.C. § 3585(b), Rivera-Calcano cannot receive credit for this time toward his federal sentence, because that would constitute impermissible double credit for the same time period. Furthermore, 18 U.S.C. § 3585(a)

prohibits his sentence from commencing prior to the date it was imposed.  Rivera-Calcano has received all the prior custody credit to which he was entitled.

As to Rivera-Calcano's claim that he is entitled to additional credit toward his sentence because the sentencing court directed he receive credit (*see* ECF No. 10-4 at 3), he is mistaken. Regardless of any statements made by the judge or written on the judgment, it is solely the responsibility of BOP, not the courts, to determine when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody. *Harris v. Dewalt*, 2005 WL 1126842, at *2 (D. Md. 2005) (Titus, J.) ("The Bureau of Prisons, and not the courts, determine when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody.") (citing *Montez-Gaviria*, 163 F.3d at 700-01)); *see also Brown v. Caraway*, 2013 WL 1702643, at *3 (D. Md. 2013) (Chasanow, J.) ("Authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who exercises it through the BOP.") (citations omitted).

In light of the foregoing, the Petition will be denied and dismissed. A separate order follows.

\_\_\_9/1/2022_____                 /s/_____
Date                                                            GEORGE J. HAZEL
                                                                    UNITED STATES DISTRICT JUDGE